UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICKY BANKS** | **CIVIL ACTION NO. 3:14-cv-2363** |
|     **LA. DOC #111858** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Ricky Banks, an inmate in the custody of Louisiana's Department of Corrections, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 17, 2014. Petitioner attacks his 1998 conviction for distribution of cocaine, his subsequent adjudication as a fourth felony offender, and the life sentence imposed thereon by the Fifth Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and/or because petitioner's sentencing claims were dismissed as procedurally defaulted by the Louisiana courts.

*Background*

Petitioner was convicted of distribution of cocaine in September 1998. In December 1998 he was adjudicated a fourth felony offender and sentenced to serve life imprisonment. [Doc. 1, ¶ 1-8] His conviction, adjudication, and sentence were affirmed on direct appeal in two unpublished opinions of the Second Circuit Court of Appeal dated December 8, 1999. *State of Louisiana v. Ricky Banks*, 99-32493 and 99-32494 (La. App. 2 Cir. 12/8/1999), 761 So.2d 815.

(Table). His application for writs was rejected by the Louisiana Supreme Court on December 15, 2000. *State of Louisiana ex rel. Ricky Banks*, 2000-1034 (La. 12/15/2000), 777 So.2d 477. He did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

His attempts to obtain post-conviction relief were unsuccessful. *State of Louisiana ex rel. Ricky Banks*, 2006-2371 (La. 6/15/2007), 958 So.2d 1184; *State of Louisiana ex rel. Ricky Banks*, 2008-0970 (La. 1/30/2009), 999 So.2d 743[1]; *State of Louisiana ex rel. Ricky Banks*, 2013-2651 (La. 6/20/2014), 141 So.3d 284.

His latest attempt to obtain post-conviction relief came by way of a *pro se* "Motion to Correct an Illegal Sentence Imposed Under the Former Provision of LSA R.S. 15:529.1(A), (B), (C), and (G)" which was filed on or about May 13, 2013. [Doc. 1-2, p. 7; pp. 8-15[2]] The motion was construed as an application for post-conviction relief and dismissed. Petitioner sought writs in the Second Circuit Court of Appeal. On October 24, 2013 the Court of Appeal denied writs citing La. C.Cr.P. art. 930.8 and *State v. Cotton*, 09-2397 (La. 10/15/2010), 45 So.3d 1030.[3] *State*

---

[1] In denying relief with regard to the second round of post-conviction relief, the Supreme Court cited La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/1995), 660 So.2d. 1189. Article 930.8 provides a period of limitation (generally reckoned from the date that the judgment of conviction and sentence became final under Louisiana law) within which to seek post-conviction relief. *Glover* permits the Courts of Appeal and the Supreme Court to dismiss untimely applications even in those instances where the lower courts have addressed the merits of the time-barred claims.

[2] Presumably petitioner changed the heading and submitted his State court pleading as his memorandum in support of *habeas corpus*.

[3] In *Cotton* the Supreme Court held, "In *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172, this Court construed the provisions of La.C.Cr.P. art. 930.3 and determined that they 'provide[ ] no basis for review of claims of excessiveness or other sentencing error post-conviction...'An habitual offender adjudication ... constitutes sentencing for purposes of *Melinie* and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal

*v. Banks*, No. 48846-KH at Doc. 1-2, p. 18. Petitioner's application for writs was then denied without comment by the Louisiana Supreme Court on June 20, 2014. *State of Louisiana ex rel. Ricky Banks v. State of Louisiana*, 2013-2651 (La. 6/20/2014), 141 So.3d 284.

Petitioner dated his petition June 2, 2014 [Doc. 1, p. 15]; however, it was not received and filed until July 17, 2014. Petitioner alleged no grounds for relief in his petition; however, he alleged, in essence, the following claims in what is presumed to be his memorandum of law: (1) the trial court erred in imposing the habitual offender sentence at hard labor; (2) the trial court erred when it adjudicated petitioner as a fourth felony offender. [Doc. 1-2, pp. 9-10]

### *Law and Analysis*

### *1. Timeliness under § 2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the AEDPA) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state

---

of the conviction and sentence." Art. 930.8 provides a 2 year period of limitation (generally reckoned from finality of judgment) within which to file an application for post-conviction relief.

[4] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or the recent discovery of the facts upon which his petition is premised.

court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*.  *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction, adjudication, and sentence were affirmed on direct appeal by the Second Circuit Court of Appeal. *State of Louisiana v. Ricky Banks*, 99-32493 and 99-32494 (La. App. 2 Cir. 12/8/1999), 761 So.2d 815. (Table). His application for writs was rejected by the Louisiana Supreme Court on December 15, 2000. *State of Louisiana ex rel. Ricky Banks*, 2000-1034 (La. 12/15/2000), 777 So.2d 477.  He did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)] Therefore, his judgment of conviction, adjudication,  and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on or about March 15, 2001, when the time limits for seeking further direct review by filing a petition for *certiorari*  in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying  his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court.  *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).  Thus, the AEDPA limitations period began to run

on March 15, 2001, and petitioner had one year, or until March 15, 2002, to file his *habeas corpus* petition.

It is unclear whether petitioner was entitled to invoke the tolling provisions of Section 2244(d)(2) because he has not alleged when he filed each of his post-conviction pleadings; nor has he alleged how long each remained properly filed and pending in the Louisiana courts. In any event, it is clear that his second round of post-conviction litigation was ultimately dismissed as time-barred by the Louisiana Courts [*see State of Louisiana ex rel. Ricky Banks*, 2008-0970 (La. 1/30/2009), 999 So.2d 743[5]]; and therefore could not serve to toll limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

In other words, it appears, in the absence of evidence to the contrary, that a period well in excess of 1-year elapsed un-tolled between March 15, 2001 (when his judgment of conviction and sentence became final under the AEDPA) and July, 2014, when he filed the instant petition. This petition appears to be time-barred by the provisions of the AEDPA.

*2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare

---

[5] As noted above, when it denied relief, the Louisiana Supreme Court cited La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/1995), 660 So.2d. 1189. Article 930.8 provides a period of limitation (generally reckoned from the date that the judgment of conviction and sentence became final under Louisiana law) within which to seek post-conviction relief. *Glover* permits the Courts of Appeal and the Supreme Court to dismiss untimely applications even in those instances where the lower courts have addressed the merits of the time-barred claims.

and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.  Should he attempt to establish tolling, petitioner should provide the dates that each of his post-conviction pleadings were filed and the date that each was ultimately dismissed.

*3. Procedural Default*

Nevertheless, even if the petition were timely or subject to the benefits of either equitable or statutory tolling, it would still be subject to dismissal as procedurally defaulted. The

procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Petitioner argues two broad sentencing claims, both of which complain about errors in the habitual offender proceedings; he argues – (1) the trial court erred in imposing "hard labor" as a condition of the habitual offender sentence; and, (2) the trial court erred when it adjudicated petitioner as a fourth felony offender. [Doc. 1-2, pp. 9-10] These are the same claims petitioner raised in his last round of post-conviction litigation in the Louisiana Courts. It is unclear how the District Court ruled; however, the Second Circuit Court of Appeal refused to consider petitioner's habitual offender error claims citing *State v. Cotton*, 09-2397 (La. 10/15/2010), 45 So.3d 1030. [See *State v. Banks*, No. 48846-KH at Doc. 1-2, p. 18] As noted elsewhere, in *Cotton,* the Louisiana Supreme Court held, "In *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172, this Court construed the provisions of La.C.Cr.P. art. 930.3 and determined that they 'provide[ ] no basis for review of claims of excessiveness or other sentencing error post-conviction...'An habitual offender adjudication ... constitutes sentencing for purposes of *Melinie* and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence." Petitioner's application for writs was thereafter denied without comment by the Louisiana Supreme Court on June 20, 2014. *State of Louisiana ex rel. Ricky Banks v. State of Louisiana*, 2013-2651 (La. 6/20/2014), 141 So.3d 284.

To determine whether the state court denied relief based on an adequate and independent

state procedural rule, the federal *habeas* court must examine the last reasoned state court decision to see whether it applied a procedural bar or addressed the merits of his claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Here, the last "reasoned" opinion was that of the Second Circuit Court of Appeal. In citing *Cotton, supra,* the Court of Appeal clearly concluded that petitioner's claims of error with regard to the habitual offender hearing and sentence were procedurally defaulted because these claims were not properly before the Court as an application for post-conviction relief.

Federal courts typically may not reach the merits of federal law questions if the State courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the merits of the claim. Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified herein satisfies both requirements. Louisiana courts regularly invoke art. 930.3 as interpreted by *Melinie* and *Cotton*, to bar review of claims of sentencing error (including errors arising in habitual offender adjudications) which are raised in post-conviction applications. *State ex rel. Battle v. State,* --- So.3d ----, 2014 WL 3858923, 2013-2797 (La. 7/31/14), La., July 31, 2014; *State ex rel. Johnson v. State*, 140 So.3d 1185, 2013-2607 (La. 6/13/14); *State ex rel. Spicer v. State*, 141 So.3d 271, 2013-2610 (La. 6/13/14);

*State ex rel. Morgan v. State*, 140 So.3d 1170, 2013-2529 (La. 5/30/14); *State ex rel. Washington v. State*, 134 So.3d 1170, 2013-1865 (La. 2/28/14); *State ex rel. West v. State*, 133 So.3d 676, 2013-1826 (La. 2/21/14); *State ex rel. Fortune v. State*, 126 So.3d 1282, 2013-1437 (La. 12/2/13) and others.

Moreover, the Fifth Circuit Court of Appeals, this Court, and the United States District Court for the Eastern District of Louisiana have all indicated that *Melinie* (insofar as it holds that sentencing error cannot form the basis for post-conviction relief) is an adequate and independent bar to federal *habeas* review of sentencing claims. *Compare Hull v. Stalder*, 234 F.3d 706 (5th Cir.2000) (unpublished); *Rhymes v. Warden*, 2005 WL 2123691 (W.D.La.2005); *Tran v. Cain*, 2006 WL 1627812 (W.D.La.2006); *Williams v. Miller*, 2006 WL 2087867 (E.D.La.2006); *Green v. State*, 1998 WL 259970 (E.D.La.), *Scott v. Cain*, 1998 WL 273116 (E.D.La.); see also *Pedelahore v. Tanner*, 2012 WL 4970684 (E.D. La. 2012) and *Warfield v. Warden*, L.S.P., 2012 WL 3067604 (W.D. La. 2012) and the cases cited therein.

Clearly then, the *Melinie-Cotton* rule interpreting art. 930.3 so as to prohibit the Louisiana Courts from reaching the merits of sentencing claims which are raised in applications for post-conviction relief constitutes an "adequate" procedural rule to bar federal *habeas corpus* review of petitioner's claims concerning the habitual offender proceedings.  Moreover, because the last reasoned judgment on the claim (that of the Second Circuit Court of Appeal) specifically referred to the *Cotton* decision when it declined review of the merits of petitioner's sentencing claim, it is clear that the identified procedural rule is also "independent."

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach

9

the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986). Petitioner has not alleged either cause for his default or prejudice resulting therefrom.

Moreover, petitioner has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider his sentencing claims. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106,108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495,114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not made this showing.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and/or because his claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, September 22, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**